SAMUEL ROGER, assignee of JAMES M. OCHELTREE, v. ROBERT L. OCHELTREE and JOHN McMULLEN.

Mere inadequacy of price, unless it is so gross as to shock the sense of the court, is not sufficient to set aside a sale of land by the sheriff; but whenever objection is made in due form to the confirmation of it on the alleged ground that proper notice of it had not been given or posted, or published by him, he will be required to prove that it had been duly given in such manner by him.

RULE to show cause wherefore a sale of land on a writ of *levari facias* by the sheriff of New Castle county and returned to this term of the court in the case above stated, should not be set aside on the grounds of the gross inadequacy of the price for which it sold, that due and proper notices of it were not posted in the several hundreds of the county as required by law, and that he did not give the defendant in the writ notice of it in time to afford him a sufficient opportunity to select and indicate the two newspapers in which it should be published.

The evidence was that the land sold for only fifty-three dollars per acre, whilst it was assessed in the public rates for taxation at seventy-five dollars per acre, and was reasonably worth one hundred dollars per acre, and was one of the best farms in the county.

*By the Court.* We are satisfied that the sale of the farm was far below its value, but the mere inadequacy of the price for which it sold, unless it was so gross as to shock the sense of the court, is not a sufficient ground for setting aside the sale. There is no evidence, however, in the case that the sheriff gave, as he should have done under the statute now in force on the subject at least two weeks, or fourteen days' notice before the day of sale, of his duty and intention to sell it, to the defendant in the writ, so as to afford him the opportunity designed by the statute, of selecting and designating to him the two newspapers in which the sale should be published; and the sale on that ground must be set aside. As to the other ground of objection, we think proper now to announce that whenever the confirmation of a sale of land by a sheriff is in due form objected to on the alleged ground that proper notice of it has not been given, or posted, or published by him, he will be required to prove that it has been duly given in such manner by him.

*G. B. Rodney,* for the plaintiff.

*Gray and Harrington,* for the defendant.